**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID E. KATES, | CIVIL ACTION NO. 3:13-CV-1525 |
| Plaintiff, | (CAPUTO, J.) |
| v. | (MEHALCHICK, M.J.) |
| C.O. ROBERT PACKER, et al., | |
| Defendants. | |

**MEMORANDUM**

This matter comes before the Court on the Defendants' motion to revoke *in forma pauperis* status, filed on August 15, 2013. (Doc. 18). For the reasons stated herein, the Court will grant the Defendants' motion (Doc. 18), and the Plaintiff shall be ordered to pay the applicable filing fee in full or face dismissal of this action.

**I.  BACKGROUND**

On June 7, 2013, the Court received a pro se complaint against the Defendants in which the Plaintiff alleged the violation of his federal constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1) Because the Plaintiff is a prisoner, the complaint is considered to have been filed on May 29, 2013, the date upon which he signed the complaint and submitted it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (articulating the "prison mailbox rule"). In the complaint, the Plaintiff alleged that, on May 24, 2012, he was severely beaten by several correctional officers, that he was refused appropriate medical care in the days and weeks that followed this alleged beating, and that his rights were further violated in the conduct of a related disciplinary hearing and administrative appeals process, which was completed in November 2012. (Doc. 1; Doc. 2; Doc. 6). Along with the complaint, the Plaintiff also submitted a motion for a

temporary restraining order and preliminary injunction, seeking an order directing that he be transferred to another institution or, alternatively, an order enjoining the Defendants from "future retaliation, harassment, assaults, threats, intimidation, [and] taking of his legal documents," and directing that he be assigned "single cell status" to prevent any harm that might result if his cellmate is "bribed" by correctional officers to injure or kill him. (Doc. 5). The complaint was also accompanied by an application for leave to proceed *in forma pauperis* (Doc. 3), which was granted by the Court on June 10, 2013 (Doc. 8).

On August 15, 2013, the Defendants, through counsel, moved to revoke the Plaintiff's IFP status. (Doc. 18). The Defendants identified three other federal civil actions filed by the Plaintiff, each of which was dismissed prior to the filing of this action on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. 19). As a result, the Defendants argue, the Plaintiff is barred from proceeding *in forma pauperis* under the "three strikes rule" set forth in 28 U.S.C. § 1915(g). (Doc. 19). On August 28, 2013, the Court received Plaintiff's response to the motion, in which the Plaintiff disputed the Defendants' calculation of "strikes" against him, and he further claimed that IFP status in this action is permitted pursuant to a narrow exception to the "three strikes rule" that applies when a prisoner is "under imminent danger of serious physical injury." (Doc. 28). On September 30, 2013, the Defendants filed their reply brief, responding to the Plaintiff's arguments. (Doc. 40).

In the interim, the Court took up a separate emergency motion for a temporary restraining order by the Plaintiff, received by the Court and filed on August 29, 2013. (Doc. 27). In this separate motion, the Plaintiff requested a temporary restraining order, alleging a "brutal assault" upon him by correctional officers on August 16, 2013, and a subsequent seizure and destruction of his personal legal papers on August 21, 2013. (Doc. 27; Doc. 29). That same day,

the Court denied the motion for a temporary restraining order, but further construed it as a motion for a preliminary injunction, ordering the Defendants to respond to the motion and directing the parties to appear for a hearing on September 4, 2013. (Doc. 30). The Defendants filed their opposition brief on September 3, 2013. (Doc. 31). A hearing on the emergency motion for a preliminary injunction was held on September 4, 2013, at which the Court orally denied the motion on the record. (Doc. 35; Doc. 36).

## II. DISCUSSION

The Defendants' motion is well-taken. The Plaintiff is barred from proceeding *in forma pauperis* pursuant to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), and he has failed to demonstrate that he was under imminent danger of serious physical injury at the time the complaint was filed.

The statutory text of the "three strikes rule" provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### A. THE PLAINTIFF'S PRIOR "STRIKES"

The Third Circuit recently discussed the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g).

> [A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

Prior to filing the complaint in this action, the Plaintiff had already accrued three strikes under the *Byrd* standard. He does not dispute that he is the same plaintiff named in each of these three prior federal actions, but he argues that two of these actions do not constitute "strikes" for the purpose of § 1915(g).

First, the Plaintiff does not dispute that he accrued a strike for dismissal of the complaint in *Kates v. Tamez*, No. 4:07-CV-777 (N.D. Tex filed Dec. 27, 2007). On September 8, 2008, the *Tamez* action was dismissed with prejudice explicitly pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915((e)(2)(B)(i) and (ii). No appeal was filed; thus the Plaintiff's first "strike" accrued on October 8, 2008. *See Ball v. Famiglio*, 726 F.3d 448, 465 (3d Cir. 2013).

Second, the Plaintiff accrued a strike for dismissal of the complaint in *Kates v. Miceli*, No. 2:09-CV-1447 (W.D. La. filed Aug. 10, 2009). On February 23, 2011, the *Miceli* action was dismissed with prejudice explicitly because it was frivolous and failed to state a claim. The Plaintiff contends that this action does not count as a strike because it was dismissed for failure to exhaust administrative remedies, but a review of the *Miceli* record reveals that, although a motion for a temporary restraining order filed in that case was denied for failure to exhaust administrative remedies, the action itself was dismissed in its entirety as frivolous and for failure to state a claim. No appeal was filed, and Plaintiff's second "strike" accrued on March 25, 2011. *See Famiglio*, 726 F.3d at 465.

Third, the Plaintiff accrued a strike for dismissal of the complaint in *Kates v. King*, No. 3:11-CV-951 (M.D. Pa. filed May 18, 2011). On June 3, 2011, a United States Magistrate Judge recommended dismissal of the action explicitly for failure to state a claim. On January 3, 2012, the *King* action was dismissed upon adoption of the Magistrate Judge's recommendation. This

dismissal was affirmed on appeal by the Third Circuit on July 5, 2012. *See Kates v. King*, No. 12-1835 (3d Cir. filed Mar. 29, 2012). The Plaintiff subsequently filed a petition for a writ of certiorari in the Supreme Court of the United States, which he erroneously claims is still pending. A review of the Supreme Court's publicly available docket, however, reveals that the certiorari petition was denied on December 10, 2012. *See Kates v. King*, No. 12-6740 (U.S. filed Oct. 4, 2012). As such, the Plaintiff's third "strike" accrued on December 10, 2012. *See Ball v. Hummel*, No. 1:12-CV-814, 2012 WL 3618702, at *4 (M.D. Pa. July 30, 2012); *see also Famiglio*, 726 F.3d at 465 n.22.

The instant action was filed on May 29, 2013, well after the Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g). As a result, he was not entitled to proceed without prepayment of fees unless he was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

### B. THE IMMINENT DANGER EXCEPTION

"The Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which serves as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." *Brown v. Lyons*, ___ F. Supp. 2d ___, 2013 WL 5629774, at *4 (E.D. Pa. Oct. 16, 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations. *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." *Famiglio*, 726 F.3d at 470 (internal quotation marks and alterations omitted). "When considering whether imminent danger of physical injury has been alleged, courts may reject

'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown*, 2013 WL 5629774, at *4 (citing *Famiglio*, 726 F.3d at 468).

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury.'" *Brown*, 2013 WL 5629774, at *4 (citing 28 U.S.C. § 1915(g)).

Reviewing the complaint, it is clear that no imminent danger was alleged. The facts alleged therein are concerned solely with an alleged assault that occurred on May 24, 2012, more than a year before the complaint in this action was filed. Allegation of a past injury that has not recurred does not constitute an "imminent" danger. *See Famiglio*, 726 F.3d at 468. Moreover, notwithstanding the Plaintiff's allegation that he was the victim of a "brutal" assault on May 24, 2012, the only physical injuries he appears to have suffered at that time were a small laceration to his wrist and an abrasion to his knee, both of which were promptly treated by medical personnel. Although he references further unspecified and untreated injuries he may have suffered as a result of this alleged assault, these vague and conclusory allegations are insufficient to form the basis for a finding of imminent danger of serious physical harm. *See Brown*, 2013 WL 5629774, at *4.

The Plaintiff claims that he was assaulted once again on August 16, 2013, nearly three months after filing the complaint in this action and well over a year after the first alleged assault in May 2012. Based on the record of proceedings with respect to the Plaintiff's emergency motion for a preliminary injunction, this second alleged assault involves none of the named defendants, and the Plaintiff has alleged no specific physical injury as a result. The only connective thread offered by the Plaintiff is a generalized allegation that both incidents are part of a larger pattern of harassment by correctional officers, but such a generalized allegation is insufficient to connect these incidents "into a pattern of threats of serious physical injury that are ongoing." See *Abdul-Akbar*, 239 F.3d at 315 n.1; *Brown*, 2013 WL 5629774, at *5.

The Plaintiff claims that prison medical staff withheld medical treatment for his other, unspecified injuries over a 57-day period following the alleged May 2012 assault. There is nothing, however, to suggest that he continued to face any "imminent" danger as a result of this alleged failure to provide medical treatment when he filed the instant complaint in May 2013, ten to twelve months later. See *Famiglio*, 726 F.3d at 468. Moreover, "'vague and utterly conclusory' assertions that medical treatment has been withheld, particularly when a prisoner has been seen repeatedly by a physician, do not amount to a showing of imminent danger." *Famiglio*, 726 F.3d at 468.

The Plaintiff's claims that his rights were violated in connection with disciplinary proceedings related to the May 2012 incident also fail to suggest any "imminent" danger, considering that the administrative appeals process was completed in November 2012, six months before he filed the instant complaint in May 2013. *See Famiglio*, 726 F.3d at 468. In addition, he has alleged no serious physical harm as a result of the disciplinary proceedings themselves. See *Brown*, 2013 WL 5629774, at *4.

The Plaintiff has not alleged sufficient facts, either in the original complaint or in his subsequent pleadings in this action, to establish that he was "under imminent danger of serious physical injury" at the time the complaint was filed. *See Abdul-Akbar*, 239 F.3d at 312. Accordingly, none of his claims falls within the scope of the "imminent danger" exception to the "three strikes rule" stated in 28 U.S.C. § 1915(g), and he is statutorily barred from proceeding *in forma pauperis* in this action.

### III. CONCLUSION

Based on the foregoing, the Defendants' motion to revoke in *in forma pauperis* status (Doc. 18) shall be granted and the Order of June 10, 2013, granting Plaintiff leave to proceed *in forma pauperis* (Doc. 8) shall be vacated as improvidently granted. The Plaintiff shall be ordered to pay the applicable filing fee in full within thirty (30) days of the date of the accompanying Order or dismissal of this action will be recommended.

An appropriate Order follows.

BY THE COURT:

Dated: November 25, 2013

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**