UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. KATES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C.O. ROBERT PACKER, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:13-CV-1525<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon the Plaintiff's motion for a temporary restraining order and preliminary injunction. (Doc. 5). For the reasons stated herein, it is recommended that the motion be denied.

I. **BACKGROUND**

On June 7, 2013, the Court received a *pro se* complaint against the Defendants in which the Plaintiff, David E. Kates, alleged a violation of his federal constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), together with a memorandum of law and several exhibits in support of his claims. (Doc. 2; Doc. 2-1; Doc. 2-2; Doc. 2-3; Doc. 5). Because the Plaintiff is a prisoner, the complaint is considered to have been filed on May 29, 2013, the date upon which he signed the complaint and submitted it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (articulating the "prison mailbox rule"). In his complaint, Kates alleges that, on May 24, 2012, he was severely beaten by several correctional officers, that he was refused appropriate medical care in the days and weeks that followed this alleged beating, and that his rights were further violated in the conduct of a related disciplinary hearing and administrative appeals process, which was completed in November 2012. (Doc. 1; Doc. 2; Doc. 6). Along with the complaint, Kates also

submitted the instant motion for a temporary restraining order and preliminary injunction, seeking an order directing that he be transferred to another institution or, alternatively, an order enjoining the Defendants from "future retaliation, harassment, assaults, threats, intimidation, [and] taking of his legal documents," and directing that he be assigned "single cell status" to prevent any harm that might result if his cellmate is "bribed" by correctional officers to injure or kill him. (Doc. 5).[1]

## II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if

---

[1] It should be noted that Kates has also claimed that he was assaulted a second time in August 2013, several months after this action commenced and more than a year after the first alleged assault occurred in May 2012. Based on this alleged second assault, Kates filed an emergency motion for a temporary restraining order, which was received by the Court and filed on August 29, 2013. (Doc. 27). In this separate motion, Kates requested a temporary restraining order, alleging a "brutal assault" upon him by correctional officers on August 16, 2013, and a subsequent seizure and destruction of his personal legal papers on August 21, 2013. (Doc. 27; Doc. 29). Reviewing the record of proceedings with respect to the emergency motion, the second alleged assault involved none of the named defendants, and Kates alleged no specific physical injury as a result. On August 29, 2013, the Court denied the motion for a temporary restraining order, but further construed it as a motion for a preliminary injunction, ordering the parties to appear for a hearing on September 4, 2013. (Doc. 30). At the conclusion of the hearing, the Court orally denied the motion on the record. (Doc. 35; Doc. 36). Kates has not requested, nor does the record reveal any basis for, reconsideration of the Court's disposition of the emergency motion. Accordingly, the undersigned is foreclosed from revisiting the second alleged assault as a basis for preliminary injunctive relief. *See generally In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (discussing law of the case doctrine).

relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); *see also Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury *pendente lite* if the relief is not granted."[2] *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat ....'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable — not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money

---

[2] *Pendente lite* is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." *Black's Law Dictionary* 1154 (7th ed.1999).

cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The key word in this consideration is *irreparable*.... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

     Reviewing the complaint, the supporting exhibits, and the motion papers, it is clear that no immediate irreparable injury is alleged. The facts averred therein are concerned solely with an alleged assault that occurred on May 24, 2012, more than one full year before Kates filed his complaint in this action and his motion for a temporary restraining order and preliminary injunction. These materials fail to articulate a presently existing actual threat of irreparable injury, outlining nothing more than a speculative *possibility* of future harm, based upon a single past assault and generalized allegations of threats and harassment by correctional officers. Such generalized allegations are insufficient to establish a "clear showing of immediate irreparable injury." *See Continental Grp.*, 614 F.2d at 359; *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 2635729, at *5 (S.D. Ohio June 12, 2013) (finding that allegations of ongoing general harassment and threats, and allegations of specific threats of physical harm that were never acted upon, were insufficient to demonstrate imminent irreparable harm).

     Moreover, notwithstanding Kate's allegation that he was the victim of a "brutal" assault on May 24, 2012, the only documented injuries he suffered at that time were a small laceration

to his wrist and an abrasion to his knee, both of which were promptly treated by medical personnel. While Kates alleges further unspecified and untreated injuries that he may have suffered as a result of this alleged assault, these vague and conclusory allegations fall far short of the "clear showing of immediate irreparable injury" required to establish irreparable harm. *See Continental Grp.*, 614 F.2d at 359; *White v. Corr. Med. Servs.*, No. 1:08-CV-277, 2009 WL 529082, *8 (W.D. Mich. Mar. 2, 2009) (finding conclusory statements regarding plaintiff's alleged injuries and treatment, without evidentiary support, were insufficient to demonstrate irreparable injury).

Finally, Kates has an adequate remedy at law for the bodily injuries alleged in this case, both past and potential. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 113 (1983) (damages were adequate remedy at law in 1983 action concerning excessive force). "The availability of adequate monetary damages belies a claim of irreparable injury." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988); *see also In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1145 (3d Cir. 1982) ("[W]e have never upheld an injunction where the claimed injury constituted a ... loss capable of recoupment in a proper action at law.").

## III. RECOMMENDATION

Based on the foregoing, it is recommended that the motion for a temporary restraining order and preliminary injunction (Doc. 5) filed by the Plaintiff, David E. Kates, be **DENIED**.

                                        **BY THE COURT:**

**Dated: January 27, 2014**                          *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID E. KATES,<br><br>    Plaintiff,<br><br>    v.<br><br>C.O. ROBERT PACKER, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:13-CV-1525<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 27, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: **January 27, 2014**               *s/ Karoline Mehalchick*
                                                                      **KAROLINE MEHALCHICK**
                                                                      **United States Magistrate Judge**