IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID E. KATES,

    Plaintiff,

v.

C.O. ROBERT PACKER, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-13-1525

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MEHALCHICK)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Mehalchick's Report and Recommendation (Doc. 61) to Plaintiff David E. Kates' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5). Because Plaintiff fails to show that he is entitled to preliminary injunctive relief, the Report and Recommendation will be adopted in its entirety.

In the Report and Recommendation, Magistrate Judge Mehalchick recommends that Plaintiff's request for a preliminary injunction be denied because he fails to allege an immediate irreparable injury. Magistrate Judge Mehalchick additionally notes that Plaintiff has an adequate remedy at law for the bodily injuries he claims to have suffered in this case.

Plaintiff filed timely objections to the Report and Recommendation. According to Plaintiff, he has "shown and proved actual injury" because he was assaulted for a second time following his initial assault. Plaintiff also asserts that he has been continually harassed by staff and refused proper medical care. Plaintiff further contends that Defendants have falsified his medical records.

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the

extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376-77 (M.D. Pa. 1998).

Magistrate Judge Mehalchick's Report and Recommendation will be adopted. Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC.*, 428 F.3d 504, 508 (3d Cir. 2005). And, "a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration." *Bass v.*

*Carroll*, 251 F. App'x 75, 76 (3d Cir. 2007) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

I agree with Magistrate Judge Mehalchick's conclusion that Plaintiff fails to show that preliminary injunctive relief is warranted in this case. In particular, Plaintiff's broad allegations of harassment by correctional officers do not satisfy his obligation to make a clear showing of immediate irreparable injury. *See, e.g., Millbrook v. United States*, - - - F. App'x - - - , 2014 WL 21523, at *2 (3d Cir. Jan. 2, 2014) ("These submissions reflect that Millbrook has been involved in additional altercations from time to time and that the parties dispute the circumstances. This evidence is insufficient to establish that Millbrook will suffer immediate irreparable injury absent an injunction."). Additionally, Plaintiff has an adequate remedy at law for his alleged bodily injuries. *See Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3rd Cir. 1989) ("[t]he availability of adequate monetary damages belies a claim of irreparable injury"). The Report and Recommendation will therefore be adopted, and Plaintiff's motion for a preliminary injunction will be denied.

An appropriate order follows.

March 24, 2014
Date

A. Richard Caputo
United States District Judge