# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID E. Kates

    Plaintiff,

v.

Robert Packer, *et al.*,

    Defendants.

No. 3:13-CV-01525

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is a Motion to Vacate Taxation of Costs (Doc. 316) filed by Plaintiff David E. Kates. Because Plaintiff has demonstrated his indigence and limited ability to pay, his costs will be reduced to $500.00.

## **I. Background**

Plaintiff commenced this action on June 7, 2013, alleging in his Complaint he was severely beaten by correctional officers, he was refused appropriate medical care following the alleged beating, and his rights were violated during a disciplinary hearing relating to the alleged beating in which he was sanctioned with the loss of good time. (Doc. 1). On March 29, 2016, I granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's Complaint, permitting Plaintiff to proceed with his Eighth Amendment excessive force claims against Defendants Packer, Wise, Stroud, and Wagner and his Eighth Amendment failure to intervene claims against Defendants Packer, Booth, Brandt, Wise, Stroud, Wagner, and Eroh. (*See* Docs.186-187, *generally*).

On February 6, 2018, I granted in part and denied in part Defendants' Motion for Summary Judgment, permitting Plaintiff to proceed to trial on his Eighth Amendment excessive force claims against Defendants Packer, Wise, Stroud, and Eroh, and his Eighth Amendment failure to intervene claims against Defendants Packer, Booth, Brandt, Wise, Stroud, Wagner, and Eroh. The claims against Defendant

Booth were dismissed pursuant to a Rule 50 motion during the trial. The jury returned a verdict in favor of the remaining defendants on all claims on September 20, 2018 (Doc. 306).

On October 3, 2018, Defendants submitted a bill of costs totaling $1,975.68, which Plaintiff objected to on the basis of his indigence and his opposition to costs submitted for "DVD/CDR." (Doc. 310; Doc. 311). The Clerk of Court issued a judgment against Plaintiff on November 19, 2018, finding that $1,969.71 in costs would be taxed against him, reflecting a reduction for the "DVD/CDR" costs. (Doc. 314; Doc. 315).[1] Plaintiff filed the instant Motion to Vacate Taxation of Costs on November 26, 2018. (Doc. 316). The Motion has been fully briefed and is ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The 'costs' capable of recoupment under Rule 54(d)(1) are listed in 28 U.S.C. § 1920." *In re Paoli R. R. Yard PCB Litig.*, 221 F.3d 449, 457 (3d Cir. 2000). There is a strong presumption that costs are to be awarded to the prevailing party. *Id.* at 462. In accordance with that presumption, the Local Rules instruct that if the prevailing party files a bill of costs within thirty (30) days of judgment, the clerk "shall" tax those costs to the losing party, subject to an appeal to the court. M.D. Pa. L.R. 54.3.

A district court reviews de novo the ministerial act of an award of costs by a clerk of court. *In re Paoli*, 221 F.3d at 461. To overcome the presumption that costs be awarded, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462. Courts may consider the following

---

[1] I find these costs, which have been itemized by Defendants in their Bill of Costs, are reasonable and agree with the Clerk of Court that the reduction of "DVD/CDR" costs was appropriate. (*See* Doc. 310-1).

2

factors when deciding whether equity justifies a reduction or denial of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) . . . the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Id.* at 468.

### III. Discussion

Plaintiff requests I exercise my discretion not to tax costs against him or, in the alternative, to reduce these costs because he is indigent and unable to pay. Indigency or inability to pay is the "most important of the [Rule 54(d) factors]." *Id.* at 463. As such, the United States Court of Appeals for the Third Circuit determined "a party may be exempted from costs if he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity." *Id.* at 464. However, "[n]o 'hard and fast rules' exist for assessing a losing party's indigence and the district courts should use their 'common sense' in making this determination." *Mazzarella v. Brady*, No. 14-5654, 2016 WL 7231894, at *2 (E.D. Pa. Dec. 14, 2016) (Brody, J.) (quoting *In re Paoli*, 221 F.3d at 464 n.5).

Plaintiff submitted an affidavit addressing his current financial status as evidence of indigency. (*See* Doc. 321-1 *generally*). The evidence reflects that Plaintiff is currently incarcerated at FCI Oakdale II. (*Id.* ¶ 1). As of December 26, 2018, Plaintiff had only $22 in his inmate account,[2] no one deposits money into his inmate account on a "regular basis[,]" and no deposits have been made within the past six months. (*Id.* ¶ 2). Plaintiff is presently unable to access the money in his inmate account, which has been "frozen" as a result of his debts, including $1,123 in PLRA fines, $285 for photocopies, $48 for postage, and an "additional fine" of $346. (*Id.* ¶¶ 4-5). Plaintiff is currently unemployed and has attempted to obtain a job at FCI Oakdale II but has

---

[2] Plaintiff "made reasonable efforts" to obtain a copy of his inmate account statement but was ultimately unable to provide this documentation. (*Id.* at ¶ 6).

3

been put on a "wait list" and does not know if or when he will have a job. (*Id.* ¶¶ 7-8). In addition, Plaintiff was previously granted *in forma pauperis* status, which was eventually revoked, not for a change in his financial status, but rather for violating the "three strikes rule" under 28 U.S.C. § 1915(g). (Doc. 8; Doc. 45).[3]

Defendants counter that Plaintiff has not provided any evidence to show why he would be unable to pay these costs "now or over time." (Doc. 318 at 1). In particular, Defendants note Plaintiff was able to pay the $400 filing fee shortly after his *in forma pauperis* status was revoked and that Plaintiff stated in his application for leave to proceed *in forma pauperis* his brother deposited money in his inmate account "from time to time" (Doc. 3; Doc. 4). Defendants also assert Plaintiff has the ability to work because is not "physically or mentally disabled" and will therefore be able to pay these costs either prior to or following his release from prison in 2026. (Doc. 318 at 7).

Because the representations in Plaintiff's affidavit are not contradicted by Plaintiff's other statements or documents in the record, I find they are credible. *See In re Paoli*, 221 F.3d at 462 ("[E]ven though district courts have the power to expand the record in Rule 54(d)(1) cases, they retain the discretion not to do so."). Accordingly, Plaintiff has demonstrated his indigence. However, the inquiry does not stop here, because even where "a losing party is indigent or unable to pay the full measure of costs, a district court *may* but need not *automatically*, exempt the losing party from paying costs." *Id.* at 464.

Contrary to Defendants' suggestion, district courts in this Circuit have reduced or vacated costs even where the losing party is not disabled or has not shown an inability to work. *See, e.g.*, *Lindsey v. Vaughn*, No. CIV. A. 93-2030, 2001 WL

---

[3] Whether an inmate was previously granted leave to proceed *in forma pauperis* is not determinative on its own as to whether he should be relieved of his obligation to pay taxable costs. *See Smith v. Southeastern Pennsylvania Transp. Auth.*, 47 F.3d 97, 100 (3d Cir. 1995) ("[C]osts may be taxed against a party who is permitted leave to proceed in forma pauperis.").

4

1132408, at *1 (E.D. Pa. Sept. 24, 2001) (O'Neill, J.) (vacating costs where losing parties had monthly income of approximately $30 and no outside financial support). Defendants highlight the case of *Wesley v. Dombrowski* to argue Plaintiff's costs should not be vacated or reduced. No. 03-4137, 2008 WL 2609720, at *5 (E.D. Pa. June 26, 2008) (Pratter, J.). In *Wesley*, however, the costs taxed against the plaintiff were ultimately reduced from $767.50 to $500 based on "gifts from family and friends to provide a minimal source of income for his discretionary use during his incarceration[,]" the average end-of-month account balance in his inmate account was $31.87, his failure to show "why he is unable to work and earn income while he is incarcerated[,]" and the fact that his "basic food and medical care are paid for by the state." *Id.* at *5. The evidence in the instant case demonstrates Plaintiff's financial situation is more dire than that of the plaintiff in *Wesley*: while Plaintiff's basic food and medical care are paid by the state, he does not receive regular financial assistance from friends or family, he already owes the government $1,802, despite his efforts to find employment in prison, is presently unable to work until he is off the wait list, if ever that may be, and he is not even able to access the limited funds in his inmate account, which has been frozen. Moreover, by the time Plaintiff is released from prison he will be sixty-three (63) years old, and his ability to work may be impaired as a result. (Doc. 321 at 6).

I find Plaintiff is indigent and has a limited ability to pay the full measure of costs under the totality of the circumstances and that equitable considerations favor a reduction of costs to $500.00.

### IV. Conclusion

For the above-stated reasons, Plaintiff's Motion to Vacate Taxation of Costs will be granted in part and denied in part.

An appropriate order follows.

| | |
|---|---|
| February 20, 2019 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |